**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 19-173** |
| **v.** | * | **SECTION: "H"** |
| **RODNEY J. STRAIN** (a/k/a "JACK STRAIN") | * | |
| | * | |

\* \* \*

## SCHEDULING ORDER

Considering the foregoing Unopposed Motion to Adopt a Scheduling Order, filed by the United States of America after consultation with defense counsel and the reasons set forth therein, the Court hereby sets the following guidelines and deadlines:[1]

## AFFIRMATIVE DEFENSES

- Affirmative defenses will be asserted in accordance with Rules 12.1, 12.2, and 12.3 of the Federal Rules of Criminal Procedure. A defendant should notify the Government of any affirmative defenses, including, but not limited to, alibi, insanity, public-authority, and advice-of-counsel defenses that a defendant intends to assert no later than seventy-five (75) days prior to trial. Objections to any assertions of an affirmative defense shall be filed no later than sixty (60) days prior to trial.

---

[1] Trial in this matter is scheduled to begin on October 5, 2020. The parties envision that, should the trial date change, the dates and deadlines reflected in this order will automatically adjust to incorporate the change in trial date (*i.e.*, the number of days prior to trial for each deadline will remain the same).

## DISCOVERY

- Informal letter discovery/reciprocal discovery will be conducted in accordance with Rule 16 of the Federal Rules of Criminal Procedure and LCrR12. All discovery/reciprocal discovery obligations should be completed no later than forty-five (45) prior to trial. In the event that either party fails to comply with their respective discovery obligations, all motions to compel a discovery or reciprocal discovery obligation must be filed no later than thirty (30) days prior to trial.

## EXPERT WITNESSES[2]

- United States
    - In accordance with the provisions of Rule 16(a)(1)(G), the United States will designate the types of experts it may call no later than forty-five (45) days prior to trial. Their identities, resumes, and summaries of their expected testimony will be made available no later than forty-five (45) days prior to trial, unless the expert is acquired in response to notice that the defense will utilize expert testimony at trial in which case the United States will have until thirty (30) days prior to trial to produce same.

- Defense
    - In accordance with the provisions of Rule 16(b)(1)(C), the defense will designate the types of experts which it will call no later than forty (40) days prior to trial. Their identities, resumes, and attendant reports and/or descriptions of the nature of their expected testimony are to be produced no later than forty (40) days prior to

---

[2] Any party intending to use an expert at trial must provide a "summary of [the] expert witness's opinions, the bases and reasons for those opinions, and the witness's qualifications" in accordance with Rule 16. *See* Fed. R. Crim. P. 16(a)(1)(G) and 16(b)(1)(C).

trial, unless the expert is acquired in response to notice that the United States will utilize expert testimony at trial in which case the defense will have until thirty (30) days prior to trial to produce same.

## SUBSTANTIVE MOTIONS

- All defense discovery motions, defense dispositive motions, and substantive motions shall be filed no later sixty (60) days before trial. Responses to any substantive motions shall be filed no later than forty (40) days before trial.

## MOTIONS IN LIMINE

- All motions in limine shall be filed no later than thirty (30) days prior to trial.

## NOTICE OF INTENT TO OFFER EVIDENCE OF OTHER CRIMES

- All notices required under Federal Rule of Evidence 404(b) shall be filed no later than forty (40) days prior to trial.

## STIPULATIONS

- To facilitate judicial economy through a speedy trial and to eliminate unnecessary and time consuming testimony, where authenticity and technical predicates are not at issue, the United States will submit a proposed stipulation relating to the authenticity of its evidence no later than forty (40) days prior to trial. The stipulations will encompass the authenticity and reliability of e-mails, text messages, recordings and business/public records. The defense will review the proposed stipulations and propose any changes on or before thirty (30) days prior to trial, with agreement on the final stipulations to be completed no later than twenty-one (21) days prior to trial. The United States will likewise act accordingly with any stipulations proposed by the defense.

## JURY INSTRUCTIONS

- Proposed Jury Instructions will be submitted no later than fourteen (14) days prior to trial.

## BRADY MATERIAL

- The United States is aware of its continuing obligation to produce exculpatory and other impeachment material under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and will scrupulously discharge this obligation. Materials discoverable under *Brady*, to the extent they exist, will be provided during the Rule 16 discovery phase of this proceeding set forth above. However, materials or information which might constitute evidence discoverable under *Brady* and producible under the Jencks Act, will be produced with the Jencks and *Giglio* materials ten (10) days prior to trial as outlined below. The United States will act in good faith and turn over any such materials immediately if recognized earlier in trial preparation.

## JENCKS ACT and GIGLIO MATERIALS

- Materials to which the defendant and the United States are entitled to under the *Jencks Act* (18 U.S.C. § 3500) and *Giglio v. United States*, 405 U.S. 150 (1972), will be provided by close of business, no later than ten (10) days prior to trial.

## PRELIMINARY EXHIBIT LISTS

- The government's proposed exhibits and exhibit list shall be provided to the defense twenty-one (21) days before trial. The defense shall provide its proposed exhibits and exhibit list to the government three (3) days after receipt of the government's materials.[3]

---

[3] The parties also desire to present trial exhibits without redaction. However, the parties understand and agree that no trial exhibit can be released to a non-party without satisfying the requirements of FED R. CRIM. P. 49.1. Additionally, after reviewing the original proposed exhibit list, each party will provide a list of any supplemental exhibits to opposing party at the pretrial conference. Any further amendments to the exhibit list will be disclosed immediately.

Counsel are directed to certify that they have made a good faith effort to list all exhibits they intend to or may introduce. Exhibits shall not be excluded from evidence on the ground that they were not disclosed in these exchanges. The parties shall be under a continuing duty to immediately update these disclosures in good faith.

### **PRELIMINARY OBJECTIONS - EXHIBITS**

- Objections to proposed exhibits will be provided no later than fourteen (14) days prior to trial with responses to the objections due to the Court four (four) days later.[4]

### **CHARTS AND SUMMARIES**

- Drafts of any charts and summaries used to aid the jury will be disclosed by the parties seven (7) days before trial. The parties agree to timely notify each other of any updates to charts and summary materials. Final versions of any charts and summaries used to aid the jury will be disclosed by the parties at trial.

### **WITNESS LISTS**

- Subject to further discussions with the Court concerning the manner of disclosure, proposed Witness lists will be submitted seven (7) days prior to trial. The list will designate whether or not the witness will be providing "character or reputation" testimony. Counsel are directed to certify that they have made a good faith effort to list all witnesses they intend or may call. Witnesses shall not be excluded from trial on the ground that they were not disclosed in these exchanges. The parties shall be under a continuing duty to immediately update these disclosures in good faith. At the close of each trial day, the government shall

---

[4] All exhibits disclosed and not objected to regarding authenticity, reliability, and trustworthiness prior to trial shall be considered authentic, reliable, and trustworthy for purposes of admissibility. However, the parties do reserve the right to object to the relevancy of any exhibit. The parties also reserve the right to introduce testimony that explains the background or circumstances surrounding any exhibit sought to be introduced at trial.

disclose its order of witnesses for the following day. The defendant shall do the same should they decide to call witnesses.

### RULE 17 SUBPOENAS – DOCUMENTS

- A copy of all Rule 17 document subpoenas will be provided to each party. The document or record return shall be provided to the Court with a copy of the returned materials provided to all parties.

### MODIFICATION OF DEADLINES

- The parties further envision that a deadline contained herein may be modified by up to seven (7) days in the event of unanticipated occurrences upon the agreement of all parties and the Court.

**IT IS HEREBY ORDERED** that all parties adhere to the guidelines/deadlines established by this order.

New Orleans, Louisiana, this _____ day of June, 2020.

_____
HONORABLE JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE